**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DANIEL ARMANDO CONTRERAS ZERON, *et al.*

*Petitioners*,

v.

ICE DIRECTOR FOR NEWARK, NJ, *et al.*

*Respondents*.

Civil Action No. 26-12379

**ORDER**

October 2, 2026

**THIS MATTER** having come before the Court upon Respondents' September 25, 2026 letter regarding the improper joinder of Petitioners on the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondents' responses concerning the individual circumstances of each Petitioner (ECF No. 5); and the Court having reviewed the Petition and the submissions of the parties; and for good cause shown;

**IT IS** on this **2nd** day of **October 2026**,

**ORDERED** that the five petitions (ECF No. 1) filed together in this action are improperly joined because each Petitioner challenges his own distinct detention and the petitions do not arise out of the same transaction or occurrence and do not otherwise satisfy the requirements of Federal Rule of Civil Procedure 20(a)(1); and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 21, the claims of Petitioners Yeferson Daniel Contreras Martinez, Kevin Alexander Estrada Armira, Victorino Sequen Vasquez, and Daniel Armando Contreras Zeron are hereby **SEVERED** from the claims of

Petitioner Antonio Serrano Meledez; and it is further

**ORDERED** that the Clerk of Court shall open a separate civil action for each severed Petitioner and shall docket therein copies of the Petition (ECF No. 1), Respondents' September 25, 2026 submission (ECF No. 5), and this Order; and it is further

**ORDERED** that, with respect to Petitioner Antonio Serrano Meledez, Respondents report that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), that ICE authorized his release on a $7,500 bond, and that, following Petitioner's request for a custody redetermination hearing, a hearing was held on September 22, 2026, at which Petitioner withdrew his request for redetermination. To the extent the Petition seeks a custody redetermination or bond hearing pursuant to § 1226(a), Petitioner has received the relief sought, and that claim is hereby **DISMISSED WITHOUT PREJUDICE AS MOOT**; and it is further

**ORDERED** that, with respect to Petitioner Kevin Alexander Estrada Armira, Respondents report that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), that ICE authorized his release on a $7,500 bond, and that, following Petitioner's request for a custody redetermination hearing, a hearing was held on September 22, 2026, at which Petitioner withdrew his request for redetermination. To the extent the Petition seeks a custody redetermination or bond hearing pursuant to § 1226(a), Petitioner has received the relief sought, and that claim is hereby **DISMISSED WITHOUT PREJUDICE AS MOOT**; and it is further

**ORDERED** that, with respect to Petitioner Victorino Sequen Vasquez, Respondents report that Petitioner was released from custody on September 21, 2026, and that, to the best of Respondents' knowledge, his property was returned to him. Because Petitioner has been released from custody, his challenge to his detention is hereby **DISMISSED WITHOUT PREJUDICE AS MOOT**; and it is further

**ORDERED** that, with respect to Petitioner Yeferson Daniel Contreras Martinez, Respondents report that Petitioner is detained pursuant to 8 U.S.C. § 1231(a) and remains within the ninety-day removal period prescribed by § 1231(a)(1), during which detention is mandatory under § 1231(a)(2). Accordingly, Petitioner's present challenge to his detention under § 1231(a) is premature, and the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, with respect to Petitioner Daniel Armando Contreras Zeron, Respondents report that Petitioner is detained pursuant to a reinstated final order of removal under 8 U.S.C. § 1231(a)(5) and remains within the ninety-day removal period prescribed by § 1231(a)(1), during which detention is mandatory under § 1231(a)(2). Accordingly, Petitioner's present challenge to his detention under § 1231(a) is premature, and the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, because the claims of the severed Petitioners are dismissed by this Order, no additional filing fee shall be required in connection with the severed actions at this time; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this action and any severed action in which no claim remains pending.

*/s/ Jamel K. Semper* -
**HON. JAMEL K. SEMPER**
**United States District Judge**